United States District Court
Southern District of Texas
**ENTERED**
August 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| US RUBBER CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-2104 |
| | § | |
| MT. HAWLEY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

US Rubber Corporation ("Plaintiff") brought this action against Mt. Hawley Insurance Company ("Defendant"), alleging breach of a property insurance contract.[1] Pending before the court is Defendant's Motion to Transfer Venue ("Defendant's MTV") (Docket Entry No. 7). For reasons stated below, Defendant's MTV will be granted.

### I. Background

The parties entered a property insurance contract through Plaintiff's insurance broker, effective from January 29, 2021, through January 29, 2022.[2] The 2021-2022 Policy included a "Legal Action Conditions Endorsement," which states in relevant part:

---

[1] Plaintiff's Complaint and Jury Demand ("Complaint"), Docket Entry No. 1, p. 5 ¶ 18. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2] Mt. Hawley Commercial Property Policy No. MPC0501068 ("2021-2022 Policy"), Exhibit A-1 to Reply Supporting Defendant's Motion to Transfer Venue ("Defendant's Reply," Docket Entry No. 10), Docket Entry No. 11, p. 2.

> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. <u>Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company shall be initiated in New York.</u>[3]

On January 10, 2022, Defendant's agent emailed a "Renewal Quote" to Plaintiff's insurance broker, which included a list of endorsements under the heading "Policy Form(s) and Endorsements (Available Upon Request)."[4] Among the endorsements is a Legal Action Conditions Endorsement.[5] Defendant's agent noted in her email three new endorsements not present in the 2021-2022 Policy, but noted no change to the Legal Action Conditions Endorsement.[6]

On January 28, 2022, Plaintiff agreed through its broker to renew the policy pursuant to the Renewal Quote.[7] Six days later Plaintiff received a "policy binder," which listed the policy endorsements including the Legal Action Condition Endorsement.[8]

---

[3] <u>Id.</u> at 86 (emphasis added).

[4] <u>See</u> Renewal Quote, Exhibit A-2 to Defendant's Reply, Docket Entry No. 10-1, pp. 4, 8.

[5] <u>Id.</u> at 8.

[6] <u>Id.</u> at 4.

[7] January 28, 2022, Correspondence, Exhibit A-3 to Defendant's Reply, Docket Entry No. 10-1, p. 12.

[8] Plaintiff's Response to Mt. Hawley Insurance Company's Motion to Transfer Venue ("Plaintiff's Response"), Docket Entry No. 8, p. 8.

Plaintiff received the full renewal policy (the "2022-2023 Policy") on April 21, 2022, which included the same Legal Action Conditions Endorsement as the 2021-2022 Policy.[9]

On August 10, 2022, a storm damaged the roofing of Plaintiff's insured facilities.[10] Defendant paid for some of the damage but denied coverage as to the rest.[11] Plaintiff filed suit in this court asserting breach of contract.[12] Defendant filed its Motion to Transfer Venue on July 6, 2023; Plaintiff responded on July 27, 2023; and Defendant replied on August 3, 2023.[13]

## II.   Legal Standard

28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  "In the typical case not involving a forum-selection clause, a district court considering a

---

[9] 2022-2023 Policy, Exhibit A-4 to Plaintiff's Response, Docket Entry No. 8-5, pp. 2, 95.

[10] Complaint, Docket Entry No. 1, p. 2 ¶ 6; Answer and Affirmative Defenses ("Defendant's Answer"), Docket Entry No. 6, p. 2 ¶ 6.

[11] Complaint, Docket Entry No. 1, p. 3 ¶ 11; Defendant's Answer, Docket Entry No. 6, pp. 2-3 ¶ 11.

[12] Complaint, Docket Entry No. 1, p. 5 ¶ 18.

[13] Defendant's MTV, Docket Entry No. 7; Plaintiff's Response, Docket Entry No. 8; Defendant's Reply, Docket Entry No. 10.

§ 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas, 134 S. Ct. 568, 581 (2013). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" Id. (quoting Stewart Organization, Inc. v. Ricoh Corp., 108 S. Ct. 2239, 2245 (1988)). "'[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" Id. When a party seeks to enforce a forum selection clause via § 1404(a), the Fifth Circuit has indicated that the contractual validity of a forum selection clause is a question of federal law. See Barnett v. DynCorp International, L.L.C., 831 F.3d 296, 302-303 (5th Cir. 2016).

### III. Analysis

Plaintiff argues that the forum selection clause is not contractually valid and not enforceable.[14]

---

[14] In addition to its arguments regarding venue, Plaintiff argues that the Legal Action Conditions Endorsement violates Texas's strong public policy by purporting to displace Texas insurance requirements with New York law. Plaintiff's Response, Docket Entry No. 8, pp. 25, 27. The Endorsement does contain a choice-of-law provision selecting New York law, but this is separate from the question of venue. It will be for the Southern District of New York to evaluate the validity and effect of the choice-of-law provision.

### A.   Contractual Validity

Plaintiff argues that the forum selection clause is not contractually valid because it was only included after the 2022-2023 Policy was executed.[15] Defendant replies that Plaintiff knew of the clause because it was part of the prior 2021-2022 Policy and referenced by the same title in the Renewal Quote. Moreover, because the Renewal Quote stated that the clause was available upon request, Plaintiff could have easily verified that the clause was the same. Defendant's agent also pointed out changes to the list of endorsements, which gave Plaintiff notice that the forum selection clause was unchanged.[16] The court therefore concludes that the forum selection clause is valid.

### B.   Enforceability

Plaintiff argues that even if the clause is contractually valid, the Atlantic Marine public-interest factors weigh against enforcement.[17] A valid forum selection clause will be enforced "in all but the most exceptional cases." Atlantic Marine, 134 S. Ct. at 579. When a party resists a valid forum selection clause, "a district court may consider arguments about public-interest factors

---

[15] Plaintiff's Response, Docket Entry No. 8, p. 2.

[16] Plaintiff argues that Texas law applies to the question of contractual validity of the clause, then proceeds to argue that Texas law renders it invalid (or never-agreed-to). Id. at 16, 19, 22. Even if the court were to hold that Texas law governs validity, the court is not persuaded that any of the cited provisions of Texas law or cases would render the clause invalid.

[17] Id. at 29.

only." Id. at 582. These factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." Piper Aircraft Co. v. Reyno, 102 S. Ct. 252, 258 n.6 (1981) (internal quotation marks omitted).

Plaintiff argues that the first factor — court congestion — weighs against transfer, stating that 11,418 civil cases were filed from 2022 to 2023 in the Southern District of New York compared to 6,407 civil cases filed in this district.[18] But as Defendant notes, the Southern District of New York has more district judges, and this district has more civil cases per judge.[19] This factor does not weigh against transfer.

Plaintiff argues that the second factor — local interest — weighs against transfer because Texas has an interest in resolution of disputes over damage to property located in Texas.[20] Plaintiff argues that the fifth factor — jury duty burden — weighs against transfer because the case lacks any connection to the Southern

---

[18]Plaintiff's Response, Docket Entry No. 8, p. 30 and n.21.

[19]Defendant's Reply, Docket Entry No. 10, p. 13.

[20]Plaintiff's Response, Docket Entry No. 8, p. 31.

District of New York or its citizens.[21]  These factors weigh in Plaintiff's favor, but they do not rise to the level of making this an "exceptional case[]."  See Atlantic Marine, 134 S. Ct. at 579. The court concludes that the forum selection clause is enforceable.

### IV.  Conclusion and Order

The 2022-2023 Policy's forum selection clause is valid and enforceable.  Defendant's Motion to Transfer Venue (Docket Entry No. 7) is therefore **GRANTED**, and this action is **TRANSFERRED** to the United States District Court for the Southern District of New York.

**SIGNED** at Houston, Texas, on this 25th day of August, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[21] Id. at 30.